**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0647-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDRE CUTLER,

     Defendant-Appellant.

_____

        Submitted November 14, 2019 – Decided November 26, 2019

        Before Judges Mayer and Enright.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 99-07-1230.

        Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the brief).

        Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Andre Cutler appeals from a June 14, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons set forth in Judge Mirtha Ospina's oral opinion.

We highlight certain facts to lend context to the present appeal. Eddie Wheeler testified at trial that on January 16, 1999, he pulled his car over to the side of the road in Jersey City at 1:00 a.m. to fix his driver's side window. Wheeler saw an individual, later identified as defendant, and another individual approach him. Defendant opened Wheeler's driver's side car door and shot Wheeler in the face before taking Wheeler's car. Wheeler was left on the street, bleeding and unconscious, but survived.

Police were able to track down Wheeler's car in Jersey City several hours after the shooting. Two officers, including Officer Mark Inzinna, spotted defendant, his girlfriend and his codefendant when they returned to Wheeler's parked car. After police identified themselves and instructed the three occupants in the car to keep their hands in sight, defendant shot at Officer Inzinna. The codefendants were ultimately subdued and apprehended.

After an eight-day trial, a jury convicted defendant of first-degree attempted murder of Wheeler and Officer Inzinna, N.J.S.A. 2C:5-1, 2C:1-3;

2

second-degree carjacking, N.J.S.A. 2C:15-2; six counts of aggravated assault upon Wheeler and four counts of aggravated assault upon Officer Inzinna, N.J.S.A. 2C:12-1(b)(1), 2C:12-1(b)(2) and 2C:12-1(b)(4); third-degree unlawful possession of a weapon (handgun), N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); fourth-degree possession of a prohibited device (hollow nosed bullets), N.J.S.A. 2C:39-3(f); third-degree receiving stolen property, N.J.S.A. 2C:20-7 and 2C:20-2(b)(2)(b); third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1); and third-degree possession of a controlled dangerous substance with intent to distribute within 1,000 feet of a school, N.J.S.A. 2C:35-7. On January 16, 2001, defendant was sentenced to an aggregate custodial term of sixty years, forty-seven and one-half without parole eligibility, along with appropriate fees, penalties and restitution to Wheeler.

On direct appeal, defendant argued the trial judge erred in not granting his motion for a directed verdict as to the counts alleging attempted murder and aggravated assault against Wheeler. He also contended he was denied the effective assistance of counsel and that his sentence was manifestly excessive. We found his arguments lacked merit and affirmed his convictions and sentence

A-0647-18T4

in our unpublished decision, State v. Cutler, No. A-6710-00 (App. Div. November 20, 2002) (Cutler I).

On February 16, 2017, defendant filed a PCR petition. After hearing oral argument, Judge Ospina rendered an oral decision on June 14, 2018, denying defendant's petition. The judge found he waited approximately sixteen years from the date of his conviction to file his PCR petition, thus exceeding the five-year time bar set forth in Rule 3:22-12(a). Further, the judge determined defendant's failure to abide by the Rule was not excused by his alleged lack of knowledge about the outcome of his direct appeal. Moreover, she concluded that granting an evidentiary hearing to defendant would prejudice the State, due to the length of time that had passed between defendant's conviction and his PCR filing.

Judge Ospina also found defendant failed to prove his trial or appellate attorney was ineffective under the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

On appeal, defendant raises the following arguments:

POINT I

A-0647-18T4

DEFENDANT IS ENTITLED TO RELAXATION OF THE PROCEDURAL TIME BAR.

POINT II

AS DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, HE IS ENTITLED TO [PCR].

(1) Trial counsel's failure to request an evidentiary hearing on whether [the witness's] identification had been unduly influenced, prejudiced [d]efendant's right to a fair and reliable trial.

(2) Trial counsel['s] failure to seek the immediate dismissal of Juror Number [Seven] and the voir dire of remaining jurors, denied [d]efendant his right to a fair and reliable trial and appellate counsel was ineffective for not raising the matter on direct appeal.

(3) Trial counsel failed to object to the read back of testimony to the jury without court supervision and appellate counsel was ineffective for failing to raise the matter on direct appeal as trial court error.

(4) Trial and appellate counsel['s] cumulative errors denied [d]efendant his right to effective legal representation.

POINT III

AS THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

We find these arguments lacking in merit.

A-0647-18T4

Our standard of review on a denial of a PCR is whether the judge's findings of fact were supported by sufficient credible evidence. State v. Nunez-Valdez, 200 N.J. 129, 141 (2009). Here, we are convinced the trial judge's findings are fully supported by the record, including her finding that each of defendant's appellate arguments are time barred under Rule 3:22-12(a)(2).

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay "was due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]" R. 3:22-12(a)(1)(A).

Rule 1:1-2(a) permits courts in "exceptional circumstances" to relax the five-year time bar, but only if a defendant can demonstrate an injustice by a preponderance of credible evidence. State v. Mitchell, 126 N.J. 565, 579 (1992). Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

When a first PCR petition is filed over five years after the date of entry of the judgment of conviction, the PCR court should examine the petition to assess whether the defendant has submitted "competent evidence to satisfy the standards for relaxing the rule's time restrictions." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018). To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Milne, 178 N.J. 486, 492 (2004) (quoting Afanador, 151 N.J. at 52).

As Judge Ospina noted, defendant's incarceration and purported lack of awareness of the results of his direct appeal did not warrant the relaxation of the time bar. Ignorance of the process does not establish excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000).

The five-year time bar may be set aside to avoid a fundamental injustice where the deficient representation of counsel affected "a determination of guilt or otherwise wrought a miscarriage of justice." State v. Nash, 212 N.J. 518, 546 (2013) (quoting Mitchell, 126 N.J. at 587). As we concluded in Cutler I, the

7

evidence against defendant was overwhelming. Such evidence included the testimony of the victim and the corroborating testimony of the codefendant. Accordingly, we will not disturb Judge Ospina's finding that defendant failed to show a fundamental injustice would occur if the time bar were enforced.

In sum, due to defendant's extensive delay in filing for PCR relief, the prejudice the State would have suffered had relief been granted, and defendant's failure to demonstrate his delay was due to excusable neglect or that a fundamental injustice would occur by enforcement of the five-year time bar, we are satisfied the PCR judge properly relied on Rule 3:22-12(a) to deny his PCR petition.

Turning to Points II and III, we conclude the record amply supports Judge Ospina's finding that defendant failed to satisfy the Strickland test. Accordingly, defendant was not entitled to an evidentiary hearing to address this claim.

When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. Nash, 212 N.J. at 541; State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." Mitchell, 126 N.J. at 579. Merely raising a claim for PCR does not entitle a defendant to an evidentiary hearing, as a defendant "must do more than make bald assertions

that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Evidentiary hearings should be granted only if a defendant has presented a prima facie claim of ineffective assistance of counsel. Preciose, 129 N.J. at 462.

In order to establish a prima facie case of ineffective assistance of counsel, a defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced the proceeding. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 52 (1987). Under the first prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second prong, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

To the extent defendant now argues his trial and appellate counsel were ineffective, we previously adjudicated defendant's ineffective assistance of counsel claim in Cutler I. That adjudication is conclusive. R. 3:22-5.

On direct appeal, defendant argued trial counsel was ineffective in challenging Wheeler's identification of his assailant. In <u>Cutler I</u>, we rejected this claim, stating:

> [t]he failure of [the victim] to identify defendant in an initial photo array is inconsequential. . . . There is no basis in the record upon which to conclude that counsel was ineffective in failing to request a taint hearing regarding the victim's in-court identification allegedly based on the newspaper article and picture of defendant. . . . Additionally, the victim's identification was sufficiently reliable because he had defendant in view in his rear and side-view mirror as he approached the car. Moreover, . . . the evidence of defendant's guilt, even without [the victim's] identification was overwhelming.

Defendant next argues trial counsel was ineffective because his attorney failed to seek the immediate dismissal of Juror Number Seven and the voir dire of remaining jurors once the trial judge found Juror Number Seven sleeping during testimony. Similarly, defendant claims trial counsel was ineffective because he did not object to the readback of testimony without counsel and defendant present during the readback. Furthermore, defendant claims appellate counsel was ineffective for not raising these issues on direct appeal.

We are satisfied Judge Ospina properly rejected these arguments. As she noted, once the trial judge determined Juror Number Seven had been sleeping, he interrupted witness testimony to discuss this problem with counsel at sidebar.

10

During the conference, the trial judge and counsel agreed the testimony of the witness on the stand was near completion, so Juror Number Seven could be dismissed as soon as that testimony concluded. The trial judge dismissed Juror Number Seven as planned and instructed the remaining jurors about the importance of paying attention.

Defendant points to no evidence in the record to prove the remaining jurors were distracted by Juror Number Seven's inattention or that the trial judge's failure to voir dire the remaining jurors deprived him of a fair trial. As the trial judge dismissed Juror Number Seven after he identified the problem, trial counsel acquiesced to this approach, and defendant did not show how he was deprived of a fair trial due to the slight delay in Juror Number Seven's dismissal, Judge Ospina properly found defendant could not meet his Strickland burden on this issue.

Turning to defendant's complaint about the readback of testimony during the trial, we again note trial counsel did not object to the trial judge's decision to allow the jury to listen to the readback in the jury room. Further, the record reflects the trial court had a summary of what occurred during the hours of the clerk's readback of testimony. Although the readback procedure differed from the method to be employed for readback testimony, we see no basis to disturb

11

the PCR judge's finding that defendant could not establish he was prejudiced by the readback.

To the extent error may have occurred regarding the trial judge's handling of Juror Number Seven or the readback of testimony, we do not find defendant has demonstrated the errors were "clearly capable of producing an unjust result." R. 2:10-2. Consequently, Judge Ospina correctly found defendant's proofs were lacking under the second Strickland prong.

Because defendant could not demonstrate a factual or legal basis for his claims of ineffectiveness of trial counsel, he also could not establish appellate counsel was ineffective for failing to raise those same claims. Moreover, because Judge Ospina properly concluded defendant failed to satisfy the Strickland test on his claims of ineffectiveness, she was not required to conduct an evidentiary hearing on his PCR petition. Preciose, 129 N.J. at 462.

Defendant's remaining arguments lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0647-18T4